**IT IS HEREBY ORDERED** that the Plaintiff's Motion for a Protective Order (# 28) is **DENIED**.

**SIERRA CLUB, a non-profit organization, Plaintiff,**

v.

**Bruce BABBITT, Secretary, Department of the Interior; John Rogers, Acting Director, U.S. Fish and Wildlife Service; Wayne White, CA State Supervisor, U.S. Fish and Wildlife Service, Defendants.**

**Civ. No. S–95–299 EJG/GGH.**

United States District Court,
E.D. California.

July 24, 1996.

Stephen Volker, San Francisco, CA, for plaintiff.

Kelly Mofield, Washington, DC, and Dana Jacobson, Sacramento, CA, for defendants.

## ORDER

EDWARD J. GARCIA, District Judge.

This matter came before the court July 19, 1996 for hearing on plaintiff's application to reopen this stayed case. After hearing, the court enters the following order.

### I. *Discussion*

Plaintiff seeks to compel defendants to comply with their statutory obligation to determine whether the peninsular big horn sheep should be listed as an endangered species.

Pursuant to plaintiff's petition, defendants published a proposed rule listing the peninsular big horn sheep as an endangered species on May 8, 1992. After proposing a species for listing, defendants have one year to finally determine whether the species should be listed. 16 U.S.C. § 1533(b)(6)(A). Defendants concede that they have failed to make a determination on the peninsular big horn sheep within the prescribed period. (*See* Order filed April 10, 1996).

Defendants, however, contend that congressional restrictions on their budget and limited funding excuse their failure to meet their statutory deadline. The court agrees.

On April 10, 1995, Congress imposed a moratorium on expenditures for evaluating species for final listing. On April 26, 1996, Congress lifted the moratorium and authorized defendants to spend four million dollars to evaluate species for final listing. In the wake of the moratorium, there are presently more than two hundred species whose listing status has been pending for more than one year.

It is true, as plaintiff argues, that it is not presently "impossible" for defendants to decide whether the peninsular big horn should

be listed. *See Alabama Power Co. v. Costle,* 636 F.2d 323, 359 (D.C.Cir.1980). However, defendants submit uncontroverted evidence that their funding is insufficient to consider all of the species whose status has been pending for more than one year. (*See* Clark decl. at 7.)

For this reason, pursuant to the Administrative Procedures Act, defendants promulgated procedures and guidelines for prioritizing species whose status is pending. 61 Fed. Reg. 24722. Under the promulgated guidelines, priority is given according to biological need, and not the preference of litigants.

Defendants have determined that the peninsular big horn is of relatively low priority [1] and they will not (unless so ordered) decide whether to list the peninsular bighorn this fiscal year. An order directing defendants to act on the peninsular bighorn would be at the expense of another species defendants have determined to be in greater danger or of greater biological importance. (*See* Clark Decl. at 7.)

Given that it would be "impossible," *see Alabama Power, supra,* for defendants to discharge their § 1533(b)(6)(A) obligation as to *all* pending species within this fiscal year, the court finds that defendants' prioritization scheme, predicated upon biological need, is reasonable in light of the Endangered Species Act's purpose.[2] *Cf. Lincoln v. Vigil,* 508 U.S. 182, 189, 113 S.Ct. 2024, 2030, 124 L.Ed.2d 101 (1993). Sporadic and disorganized judicial interference with defendants' priorities would result in a game of musical chairs plainly disruptive to a thoughtful and reasoned allocation of defendants' limited resources.

## II. *Order*

1. For the given reasons, plaintiff's application to reopen this case is DENIED. The stay entered by order of April 10, 1996 shall remain in effect for the balance of this fiscal year.

2. The parties are directed to file supplemental status reports not later than October 15, 1996. A status conference will be held on October 25, 1996 at 9:00 a.m.

IT IS SO ORDERED.

---

**1.** The court takes plaintiff's complaint, which again seeks immediate agency action under § 1533, as an implicit challenge to the validity of defendants' newly promulgated priority scheme. The court, however, does not read plaintiff's complaint as a challenge to the relatively low priority given the peninsular bighorn under that scheme.

**2.** It further appears to the court that determination of pending species' relative priority is a matter best left to defendants' expertise. *Bays Legal Fund v. Browner,* 828 F.Supp. 102, 106 (D.Mass.1993). However, because the court does not understand plaintiff's complaint to challenge the peninsular bighorn's relative priority under defendants' scheme, this issue is outside the scope of the pleadings.